# Authority of the President to Remove the Staff Director of the Civil Rights Commission and Appoint an Acting Staff Director

The President has the authority to remove the Staff Director of the United States Commission on Civil Rights and to appoint an Acting Staff Director.

March 30, 2001

MEMORANDUM OPINION FOR THE ASSOCIATE COUNSEL TO THE PRESIDENT

You have requested our opinion whether the President has the authority to remove the Staff Director of the United States Commission on Civil Rights ("Commission") and to appoint an Acting Staff Director. We conclude that the President has the authority to undertake both actions.

The Commission consists of eight members, four of whom are appointed by the President alone and four by Congress. 42 U.S.C. § 1975(b) (1994). The President may remove a commissioner only for cause. *Id*. § 1975(e). The statute establishing the Commission grants the President the authority to appoint the Staff Director, with the concurrence of a majority of the Commissioners. *Id*. § 1975b(a)(1)(B). It withholds from the Commissioners any authority, other than concurrence, with respect to appointment of the Staff Director. It is silent as to removal of the Staff Director and appointment of an Acting Staff Director.[1]

## I.

A fundamental principle of the general law on removal authority is that, absent a clear indication to the contrary, the power to remove attends the power to appoint. *See, e.g*., *Cafeteria & Rest. Workers Union v. McElroy*, 367 U.S. 886, 896-97 (1961); *Myers v. United States*, 272 U.S. 52, 110, 119 (1926); *Keim v. United States*, 177 U.S. 290, 293 (1900); *Ex parte Hennen*, 38 U.S. (13 Pet.) 230, 259 (1839); Memorandum for Neil Eggleston, Associate Counsel to the President, from Walter Dellinger, Assistant Attorney General, Office of Legal Counsel, *Re: Appointment of an Acting Staff Director of the United States Commission on Civil Rights* at 2 n.2 (Jan. 13, 1994) ("*Acting Staff Director*"). As the Supreme Court has noted, this principle states "a rule of constitutional and statutory construction." *Myers*, 272 U.S. at 119.

Here, the statute grants the President the authority to appoint the Staff Director, and neither the statute nor its legislative history gives any indication that Congress meant to provide any unusual rules for the Staff Director's removal. Accordingly,

---

[1] The Commission has the authority to appoint other personnel. 42 U.S.C. § 1975b(a)(2).

a straightforward application of the general principle that the power to remove attends the power to appoint yields the conclusion that the President has the power to remove the Staff Director. *See Acting Staff Director* at 2 n.2 (treating as straightforward the proposition that the power to remove attends the power to appoint, and relying in part on the proposition to conclude that the President's appointment of an Acting Staff Director had the effect of validly removing the incumbent Acting Staff Director). That the President's power to appoint a Staff Director is conditioned on the concurrence of a majority of the members of the Commission does not alter this conclusion. In *Myers*, for example, the Court held that the President had the exclusive authority to remove certain postmasters, even though the President had appointed them by and with the advice and consent of the Senate. *See* 272 U.S. at 106.

Our conclusion is supported by the additional practical consideration that, for positions such as the Staff Director, the power to remove must reside somewhere. Unless someone has the power to remove an appointed official, the official might serve indefinitely in his position. Such indefinite service is "a status disfavored under normal understandings of tenure of office in the United States." Memorandum for Fred F. Fielding, Counsel to the President, from Theodore B. Olson, Assistant Attorney General, Office of Legal Counsel, *Re: The President's Power to Remove the Members of the Commission on Civil Rights* at 5 (June 21, 1983). If, as here, a statute contains no express provision for the removal of the official concerned, the general principle that an appointed official may be removed by the appointing authority helps to protect against the generally disfavored status of indefinite service. *Id*.[2]

## II.

In 1994, we concluded that the Constitution vests the President with the authority to appoint an Acting Staff Director. *See Acting Staff Director*. In reaching that conclusion, we noted that "[t]he Department of Justice has long taken the position that the President possesses authority to make appointments in order to 'keep[] the Government running,'" *id*. at 2 (quoting *Appointment of Interim Officers*, 2 Op. O.L.C. 405, 409-10 (1978)), and that this authority "derives from the President's obligation to 'take Care that the Laws be faithfully executed,'" *id*. (quoting U.S. Const. art. II, § 3). Recognizing that "[t]he President's take care authority to make temporary appointments rests in the twilight area where the President may act so

---

[2] We note that Congress has declined to enact bills that would have given the Commission the power to remove the Staff Director. In 1996, for example, the House Committee on the Judiciary reported favorably a bill providing that "the Staff Director may, at any time, be removed from office by a majority vote of the Commissioners." H.R. Rep. No. 104-846, at 14 (1996). It is reasonable to infer that the members of the House Judiciary Committee understood that, in the absence of the amendment, the Commission did not have the power to remove the Staff Director.

long as Congress is silent, but may not act in the face of congressional prohibition," *id*. at 3, we found that Congress had not divested the President of that authority with regard to the Staff Director.

After we issued the 1994 *Acting Staff Director* opinion, the District Court for the District of Columbia reached a contrary conclusion, holding that the President does not have the authority to appoint an Acting Staff Director. *George v. Ishimaru*, 849 F. Supp. 68 (D.D.C. 1994). That decision was subsequently vacated as moot by the D.C. Circuit. *George v. Ishimaru*, 1994 WL 517746 (D.C. Cir. Aug. 25, 1994) (per curiam). Despite the vacating of this decision, we have studied the district court's opinion in *George* with care. Respectfully, we disagree with it. The district court stated only that it "reject[ed] the argument that the President has 'inherent' appointment authority under the Take Care Clause of Article II of the Constitution to appoint persons to positions like this one, where Congress has unlimited authority to vest the appointment power in whomever it chooses," and that "[n]o court has ever recognized that the President has such inherent authority." *George*, 849 F. Supp. at 71-72. To be sure, because the Staff Director is not an "Officer of the United States," Congress may indeed have broad (although not unlimited) authority to select the means of appointment. Here, however, Congress has not addressed the means of designating an Acting Staff Director. We cannot agree with the district court that the inclusion of the statutory reference to a "Staff Director" means that the statute is not silent as to an Acting Staff Director. *See id*. at 71. Given this silence, the Constitution places in the President the duty, and the corresponding power, to ensure the continued operation of the government. We adhere to the conclusion of our 1994 opinion that the President may appoint an Acting Staff Director.[3]

DANIEL L. KOFFSKY
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[3] We do not believe that the power of the President is any less where his decision to remove the Staff Director has created the vacancy. Otherwise, the continued operation of the government would suffer whenever the responsible exercise of the President's power called on him to remove this official. Such a circumstance would constitute an undue burden, which should not be inferred, on the President's power of removal.